1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7
CENTRAL DISTRICT OF CALIFORNIA
8

9

10   ANTHONY SHAWN WOODS,              Case No. CV 17-7853-AG (KK)

11                    Plaintiff,

12          v.                          ORDER DISMISSING COMPLAINT
                                        WITH LEAVE TO AMEND
13   CITY OF LOS ANGELES, ET AL.,

14                    Defendants.

15

16

17                                    **I.**

18                           **INTRODUCTION**

19          Plaintiff Anthony Shawn Woods ("Plaintiff"), a state inmate proceeding <u>pro</u>

20   <u>se</u> and <u>in forma pauperis</u>, filed an unsigned civil rights complaint ("Complaint")

21   pursuant 42 U.S.C. § 1983 ("Section 1983") against defendants City of Los

22   Angeles, Los Angeles Police Department, Los Angeles Sanitation Bureau, Los

23   Angeles County Probation Department, and Los Angeles County Probation Officer

24   Riley in his individual and official capacities (collectively, "Defendants").  ECF

25   Docket No. ("Dkt.") 1.  As discussed below, the Court dismisses the Complaint

26   with leave to amend.

27   ///

28   ///

## II.

## ALLEGATIONS IN COMPLAINT

On October 17, 2017, Plaintiff constructively filed[1] the Complaint against Defendants.  See Dkt. 1, Compl. at 3-5; Dkt. 2, IFP Application.

In the Complaint, Plaintiff alleges he is homeless and lives on the streets in downtown Los Angeles.  Compl. at 5.  Plaintiff alleges on March 15, 2016 and March 22, 2016, two Los Angeles Police Department officers and the Los Angeles Sanitation Bureau "thr[e]w away plaintiff's property."  Id.

Plaintiff further alleges on June 2, 2016, defendant Riley, a Los Angeles County Probation Officer, issued Plaintiff's discharge papers with a June 4, 2016 discharge date.  Id.  However, Plaintiff alleges he was arrested on October 1, 2016 for failure to report to his probation officer.  Id.  Plaintiff alleges as a result of this arrest, he spent four days in jail and his property was "lost."  Id.  Plaintiff alleges when he went to the Hall of Records to see who signed the arrest affidavit, he was told there was "no file."  Id.

Based on these allegations, Plaintiff claims violations of the Fourth Amendment "Freedom [from] Illegal search and seizure"; Eighth Amendment "Freedom [from] cruel and unusual punishment"; and Fourteenth Amendment "Equal Protection of the Law, Due Process of the Law, Freedom of Liberty."  Id.

## III.

## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

---

[1]     Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, while Plaintiff failed to sign and date the Complaint, the application to proceed in forma pauperis was signed and dated October 17, 2017.  Dkt. 2 at 2. Hence, the Court deems October 17, 2017 the constructive filing date of the Complaint without prejudice.

1   seeks monetary relief against a defendant who is immune from such relief. 28

2   U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

3   1998).

4        In determining whether a complaint fails to state a claim for screening

5   purposes, the Court applies the same pleading standard from Rule 8 of the Federal

6   Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to

7   dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter,

8   668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a

9   "short and plain statement of the claim showing that the pleader is entitled to

10  relief." Fed. R. Civ. P. 8(a)(2).

11       A complaint may be dismissed for failure to state a claim "where there is no

12  cognizable legal theory or an absence of sufficient facts alleged to support a

13  cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In

14  considering whether a complaint states a claim, a court must accept as true all of

15  the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th

16  Cir. 2011). However, the court need not accept as true "allegations that are merely

17  conclusory, unwarranted deductions of fact, or unreasonable inferences." In re

18  Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint

19  need not include detailed factual allegations, it "must contain sufficient factual

20  matter, accepted as true, to state a claim to relief that is plausible on its face."

21  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556

22  U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially

23  plausible when it "allows the court to draw the reasonable inference that the

24  defendant is liable for the misconduct alleged." Id. The complaint "must contain

25  sufficient allegations of underlying facts to give fair notice and to enable the

26  opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th

27  Cir. 2011).

28

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**IV.**

**DISCUSSION**

**A.** **THE COMPLAINT MUST BE STRICKEN BECAUSE IT IS UNSIGNED**

Pursuant to Federal Rule of Civil Procedure 11, "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11. Here, Plaintiff failed to sign the Complaint. Therefore, the Complaint must be stricken. See West v. Hulbert, No. 1:16-CV-46-DAD-JLT (PC), 2016 WL

4

2854416, at *1 (E.D. Cal. May 16, 2016) (striking unsigned civil rights complaint with leave to amend).

**B.    PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT**

When a claim of excessive force "arises in the context of an arrest or investigatory stop of a free citizen," the claim is governed by the standards of the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); see also United States v. Knights, 534 U.S. 112, 116, 122 S. Ct. 587, 151 L. Ed. 2d 497 (2001) (applying the Fourth Amendment to searches of probationers). After conviction, however, a claim of excessive force against a prisoner is governed by the Cruel and Unusual Punishment Clause of the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).

Here, Plaintiff's claims arise out of seizures and arrests governed by the Fourth Amendment. Hence, because Plaintiff was not a prisoner at the time of the alleged seizures, his claim under the Eighth Amendment must be dismissed.

**C.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, LOS ANGELES COUNTY PROBATION DEPARTMENT, LOS ANGELES SANITATION BUREAU, OR DEFENDANT RILEY IN HIS OFFICIAL CAPACITY**

**1.    Applicable Law**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

Because no respondeat superior liability exists under Section 1983, a state actor is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) ("A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" (citing Polk Cty. v. Dodson, 454 U.S. 312, 326, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981))). A plaintiff must allege facts to establish "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure of the local governmental entity."'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992); see also Ziegler v. Indian River Cty., 64 F.3d 470, 474 (9th Cir. 1995) (noting "county not liable for acts of county officials unless the officials' conduct was the consequence of county policy or custom").

Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must allege the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

Factual allegations sufficient to put a defendant on adequate notice of a Monell claim "could include, but are not limited to, past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or

the specific topic of the challenged policy or training inadequacy." Guevara v. Cty. of L.A., No. CV 14-08120-DDP, 2015 WL 224727, at *4 (C.D. Cal. Jan. 15, 2015) (quoting Thomas v. City of Galveston, 800 F. Supp. 2d 826, 844 (S.D. Tex. 2011)). These details are necessary, even at the pleading stage, to "help to satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests," id., and to "permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679.

### 2. Analysis

Here, Plaintiff has failed to state a claim against Defendants City of Los Angeles, Los Angeles Police Department, Los Angeles County Probation Department, Los Angeles Sanitation Bureau, or Defendant Riley in his official capacity because Plaintiff does not adequately allege the constitutional violations (i.e. unlawful search and seizure, due process, or equal protection) occurred pursuant to a longstanding policy, practice, or custom. Rather, Plaintiff simply alleges two isolated events where his property was seized and a single, isolated event where he was falsely arrested for failure to report to probation. While Plaintiff also alleges Defendants City of Los Angeles, Los Angeles Police Department, Los Angeles County Probation Department failed to properly train and supervise their employees, this conclusory allegation is insufficient for purposes of stating a valid Monell claim. Young v. City of Visalia, 687 F. Supp. 2d 1141, 1150; see also Iqbal, 556 U.S. at 679. Therefore, Plaintiff's claims against the City of Los Angeles, Los Angeles Police Department, Los Angeles County Probation Department, Los Angeles Sanitation Bureau, and Defendant Riley in his official capacity must be dismissed.

### D. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FOURTH AMENDMENT

"The Fourth Amendment protects against unreasonable interferences in property interests." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir.

2005); see also Lavan v. City of L.A., 693 F.3d 1022, 1029 (9th Cir. 2012) (holding the seizure and destruction of homeless individuals' unabandoned property remains subject to the Fourth Amendment's reasonableness requirement).

Here, Plaintiff fails to allege any facts from which the Court can draw the inference that the seizure of his property was not reasonable. See Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602, 619, 109 S. Ct. 1402, 103 L. Ed. 2d 639 (1989) ("[T]he Fourth Amendment does not proscribe all searches and seizures, but only those that are unreasonable."). Therefore, Plaintiff fails to state a claim for violation of the Fourth Amendment.

**E. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF DUE PROCESS**

**1. Applicable Law**

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "Any significant taking of property by the State is within the purview of the Due Process Clause." Fuentes v. Shevin, 407 U.S. 67, 86, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972). "Application of this prohibition requires the familiar two-stage analysis: We must first ask whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'; if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977).

"[H]omeless persons' unabandoned possessions are 'property' within the meaning of the Fourteenth Amendment." Lavan, 693 F.3d at 1032. Therefore, state actors must provide notice and a meaningful opportunity to be heard before or after seizing and destroying property. Id.

///

///

1  **2. Analysis**

2  Here, Plaintiff alleges he is homeless and his property was taken on two

3  occasions. Compl. at 5. However, Plaintiff fails to allege (a) he had not abandoned

4  his property; and (b) whether he received notice and an opportunity to be heard

5  regarding the seizure of his property. Cf. Lavan, 693 F.3d at 1032. Therefore,

6  Plaintiff fails to state a claim for violation of his Fourteenth Amendment due

7  process rights.

8  **F. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF**

9     **EQUAL PROTECTION**

10  **1. Applicable Law**

11  "The Equal Protection Clause of the Fourteenth Amendment commands

12  that no State shall 'deny to any person within its jurisdiction the equal protection of

13  the laws,' which is essentially a direction that all persons similarly situated should

14  be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105

15  S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102

16  S. Ct. 2382, 72 L. Ed. 2d 786 (1982)). In order to state a Section 1983 equal

17  protection claim, a plaintiff must allege he was discriminated against based on

18  membership in a protected class or treated differently from others who were

19  similarly situated without a rational basis. See Serrano v. Francis, 345 F.3d 1071,

20  1082 (9th Cir. 2003) (requirements for Section 1983 equal protection claim based

21  on membership in protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir.

22  2014)[2] (affirming district court dismissal of inmate's equal protection claim).

23  "Similarly situated" persons are those "who are in all relevant aspects alike."

24  Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992).

25  ///

26  ///

27

28  [2]    The Court may cite to unpublished Ninth Circuit opinions issued on or after
   January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

## 2. Analysis

Here, to the extent Plaintiff's Equal Protection claim is premised on the fact he is homeless, homeless individuals are not a protected class. See Nails v. Haid, No. SACV 12-0439-GW (SS), 2013 WL 5230689, at *3 (C.D. Cal. Sept. 17, 2013). Plaintiff also fails to allege facts showing he was treated differently from others who were similarly situated without a rational basis. Hence, Plaintiff fails to state a Fourteenth Amendment equal protection violation.

## G. PLAINTIFF'S CLAIMS DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE AND THUS, MAY NOT BE RAISED IN A SINGLE COMPLAINT

### 1. Applicable Law

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows plaintiffs to add multiple claims to the lawsuit when they are against the same defendant. Fed. R. Civ. P. 18(a). Federal Rule of Civil Procedure 20(a)(2) allows plaintiffs to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and the three-strikes rule under the Prison Litigation Reform Act); Gonzalez v. Maldonado, No. 1:11–cv–01774–SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same). If the test for permissive joinder is not satisfied, the court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21; see also Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th

10

Cir. 1997) (noting if joined plaintiffs fail to meet requirements of Rule 20(a), the "district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance").

        **2.**     **Analysis**

        Here, the Complaint contains two seemingly unrelated sets of allegations involving two distinct sets of defendants: (1) the alleged taking of Plaintiff's property on March 15, 2016 and March 22, 2016 by Los Angeles Police Department officers and the Los Angeles Sanitation Bureau; and (2) defendant Riley's alleged failure to properly prepare Plaintiff's discharge papers resulting in Plaintiff's arrest on October 1, 2016.  Although Plaintiff appears to allege the same causes of action based on each of these claims, the alleged events do not arise from the same "transaction, occurrence, or series of transactions."  Fed. R. Civ. P. 20(a)(2).  Rather, each claim stems from different actions taken by different defendants.  Accordingly, Plaintiff's claims for property destruction should be filed separately from Plaintiff's claims against defendant Riley and the Los Angeles County Probation Department.

**V.**

**<u>LEAVE TO FILE A FIRST AMENDED COMPLAINT</u>**

        For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

        Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

        1.     Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  **<u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.</u>**

1      If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly

2  designate on the face of the document that it is the "First Amended Complaint," it

3  must bear the docket number assigned to this case, and it must be retyped or

4  rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not

5  include new defendants or new allegations that are not reasonably related to the

6  claims asserted in the Complaint. In addition, the First Amended Complaint must

7  be complete without reference to the Complaint or any other pleading, attachment,

8  or document.

9      An amended complaint supersedes the preceding complaint. <u>Ferdik v.</u>

10  <u>Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will

11  treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants

12  Plaintiff leave to amend as to all his claims raised here, any claim raised in a

13  preceding complaint is waived if it is not raised again in the First Amended

14  Complaint. <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

15      2.    Alternatively, Plaintiffs may voluntarily dismiss the action without

16  prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court**

17  **is directed to mail Plaintiffs a blank Notice of Dismissal Form, which the**

18  **Court encourages Plaintiffs to use.**

19      The Court advises Plaintiff that it generally will not be well-disposed toward

20  another dismissal with leave to amend if Plaintiff files a First Amended Complaint

21  that continues to include claims on which relief cannot be granted. "[A] district

22  court's discretion over amendments is especially broad 'where the court has

23  already given a plaintiff one or more opportunities to amend his complaint.'"

24  <u>Ismail v. Cty. of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u>

25  <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint**

26  **with claims on which relief cannot be granted, the First Amended Complaint**

27  **will be dismissed without leave to amend and with prejudice.**

28

1    **Plaintiff is explicitly cautioned that failure to timely file a First**

2   **Amended Complaint will result in this action being dismissed with prejudice**

3   **for failure to state a claim, prosecute and/or obey Court orders pursuant to**

4   **Federal Rule of Civil Procedure 41(b).**

5

6   Dated:  November 22, 2017

7                                                                        HONORABLE KENLY KIYA KATO
                                                                              United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28